UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC HAFNER,

    Plaintiff,

v.                              Case No.  4:23-cv-536-WS/MJF

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff failed to comply with two court orders, failed to pay the initial partial filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

**A.  The Undersigned's Order to Pay the Partial Filing Fee**

On or about November 15, 2023, Plaintiff commenced this civil action and filed for leave to proceed *in forma pauperis*. Doc. 1 at 16; Doc. 2. On January 2, 2024, the undersigned ordered Plaintiff to pay an initial partial filing fee of $6.17. Doc. 4. The undersigned imposed a compliance deadline of February 1, 2024, and warned Plaintiff that the failure to

Page 1 of 6

comply with the order likely would result in dismissal of this action. *Id.* Plaintiff did not comply with that order.

## B.  The Undersigned's Order to Show Cause

On February 15, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of January 2, 2024. Doc. 6. The undersigned imposed a deadline of February 29, 2024, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

## C.  Plaintiff's Motion to Vacate Order to Pay Partial Filing Fee

On March 14, 2024, the clerk of the court received Plaintiff's "Motion to Vacate Order to Pay Partial Filing Fee & Permit Case to Proceed." Doc. 7. In his motion, Plaintiff conceded that prior to the commencement of this action, Plaintiff routinely received deposits into his inmate trust account. Doc. 7 at 2. Specifically, he received:

- a deposit totaling $27.19 in June 2023;
- a  deposit totaling $45.00 in July 2023;
- a deposit totaling $50.00 in August 2023; and
- two deposits totaling $90.00 in October 2023.

*Id.* at 9–10; Doc. 2 at 6, 21. In his motion, Plaintiff further conceded that after the commencement of this suit, he received additional funds:

- a deposit totaling $50.00 on December 5, 2023.

Doc. 7 at 11. Plaintiff, however, claimed he could not pay the filing fee because as of January 2, 2024, he had depleted his funds and had not received any additional funds. *Id.* at 2. Plaintiff, however, did not support his claim with an updated inmate trust account statement. He also did not explain why—despite knowing he had a pending motion for leave to proceed *in forma pauperis*—he spent the funds deposited into his account after the commencement of this lawsuit.

**D.** **The Order to Submit an Updated Trust Account Statement**

In light of Plaintiff's assertion that he had no money in his account and had not received any additional funds, on March 18, 2024, the undersigned ordered Plaintiff to submit a copy of his inmate trust account for the period of December 21, 2023 through March 22, 2024. Doc. 8. The undersigned imposed a compliance deadline of April 2, 2024 and warned Plaintiff that the failure to comply likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the initial partial filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Before dismissing a civil action for failure to pay the filing fee, however, the district court must make an "inquiry into why the fee had not been paid as ordered." *Wilson*, 313 F.3d at 1320. When a plaintiff's "own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed." *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009).

Here, Plaintiff failed to comply with the undersigned's orders to pay the initial partial filing fee and to submit an updated inmate trust account statement. Based on Plaintiff's filings, it appears that Plaintiff received a $50 deposit after he commenced this case. Doc. 7 at 11. He

spent those funds despite knowing he had a pending motion for leave to proceed *in forma pauperis* in this court. Plaintiff provides no explanation for his expenditures. Furthermore, Plaintiff has failed to provide any support for his claim that he no longer receives money from family or friends. Accordingly, dismissal of this civil action is appropriate. *Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (affirming the denial of an IFP application when the district court found that plaintiff had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").

### III.  CONCLUSION

Because Plaintiff failed to comply with two court orders, has failed to pay the filing fee, and has failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 18th day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**